## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 15-CR-233-3** |
| | § | |
| **ALICIA LENA MYLES,** | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Ralph Imperato and Alamdar Hamdani, Assistant United States Attorneys, and Defendant Alicia Lena Myles ("Defendant"), and Defendant's counsel, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.      The Defendant agrees to plead guilty to the Count Two and Six of the Indictment.   Count Two charges the Defendant with Aiding and Abetting to commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2.   Count Six charges the Defendant with Aiding and Abetting to commit Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028A and 2.   By entering this plea, the Defendant agrees to waive any right to have the facts that the law makes essential to the

punishment either charged in the Indictment or proved to a jury or judge beyond a reasonable doubt.

## Punishment Range

2.      The **statutory** penalty for the violation of 18 U.S.C. §§ 1343 and 2 in Count Two is a term of incarceration which may not be more than twenty years, and a fine of up to $250,000.   Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years.   The **statutory** penalty for the violation of §§ 1028A and 2 in Count Six is a term of two years incarceration consecutive to any other related term, and a fine of up to $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to one year.   Defendant acknowledges and understands that if Defendant should violate the conditions of any period of supervised release which may be imposed as part of the sentence, then Defendant may be imprisoned for the entire term of supervised release not to exceed five years, without credit for time already served on the term of supervised release prior to such violation.   *See* 18 U.S.C. §§ 3559(a) and 3583(e).   Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special

assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5.      The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section

5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal and Collateral Review

7.    Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.     In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or representation concerning what sentence the defendant will receive.  Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.  *See United States v. Booker*, 543 U.S. 220 (2005).  Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.     Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreement

10.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Counts Two and Six of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will

move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)     At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c)     If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his/her role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas Only

11.     The United States agrees that it will not further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney or any other unit of the Department of Justice.   The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

### The United States' Non-Waiver of Appeal

12.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines.  Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C.§ 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.     Defendant is aware that his/her sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of 18 U.S.C. § 3553.  Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.  Defendant

understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Defendant's Rights

14.    Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement.    Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, Defendant could testify on his own behalf.

### Factual Basis for Guilty Plea

15.     Defendant is pleading guilty because she is guilty of the charges contained in Counts Two and Six of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. Defendant understands and agrees that the following facts, among others, would be offered to establish the Defendant's guilt:

**Chloe McClendon** was employed as a Department of State contractor as a customer service assistant in the Houston Passport Agency. McClendon began her employment with the Department of State in the Houston Agency in 2007, but in 2011 transferred to the Atlanta Agency. In May of 2014, McClendon returned to the Houston office. Her responsibilities included handling applications for passports.

Sometime in 2010, McClendon was recruited by **Domonique Thomas** to provide him with personally identifiable information ("PII"), such as names, dates of birth, and social security numbers that she took from U.S. passport applications and Department of State databases while employed at the Houston and Atlanta Passport Agencies in exchange for money. McClendon used her cellular phone to take photos of the passport applications from her desk and then emailed the photos of the applications to Thomas via her personal email account. There are at least 140 emails from McClendon to Thomas that containing over a thousand images of passport applications taken from the Atlanta and Houston Passport Agencies. McClendon was paid between $25 to $100 per email.

Thomas would use the stolen PII to create fraudulent State of Texas identification documents that contained the photos of co-conspirators, the names and dates of birth of the victim, and a false Texas address. Thomas used this information to open accounts and establish lines of credit at various electronics retailers in the Houston area. By doing so, Thomas caused to be transmitted by way of wire communication, in interstate commerce, the stolen victim information to Sprint located in Overland Park, Kansas for the account creation and to Equifax located in Atlanta, Georgia for the required credit check that accompanies the creation of any new account.

After opening fraudulent accounts and lines of credit, Thomas then directed his network of "runners" to use those accounts to fraudulently obtain electronic devices, such as iPhones and iPads. Thomas sold the electronic merchandise to other persons for money. One of the runners in Thomas's network was **Alicia Myles**.

On August 22, 2013, McClendon sent Thomas an email containing a photo of PII listed on Alicia Davis' U.S. passport application. On January 6, 2015, Thomas sent Myles an email containing a fraudulent Texas identification document with Myles' photo, but bearing Alicia Davis' name and date of birth and a false Texas address. That same day, January 10, 2015, the fraudulent Davis account was used by Myles for fraudulent credit purchases at Sprint stores in the Houston area for a total loss of $3649.95. The purchases made with Davis' identification were done without the lawful authority of Alicia Davis. Equifax records show the defendants caused to be transmitted by way of wire communications, in interstate commerce, Davis' name, date of birth, and social security number to Equifax as part of the creation of a Sprint account in Alicia Davis' name on December 30, 2014 and again on January 10, 2015.

After a review of Thomas's and McClendon's personal email accounts and electronic devices, agents have determined that McClendon compromised approximately over 1,400 identities through her employment at the Houston and Atlanta Passport Agencies. To date, the amount of loss to local retailers is approximately $230,000.

## Breach of Plea Agreement

16.     If the Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   Defendant agrees that he/she breaches the plea agreement if Defendant knowingly withholds evidence, or if Defendant is not completely truthful with the United States.   In that event, the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Furthermore, any and all information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

17.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest.   Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.  Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.  Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Forfeiture**

21.    Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22.    Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.    Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.    Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

25.    Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26.    This written plea agreement, consisting of <u>17</u> pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

27.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___October 9_____,
2015.

X _____
Alicia Lena Myles
Defendant

Subscribed and sworn to before me on ___October 9_____,
2015.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: _____        _____
Ralph Imperato                              Mervyn Mosbacker
Assistant United States Attorney      Counsel for the Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 15-CR-233-3** |
| | § | |
| **ALICIA LENA MYLES,** | § | |
| **Defendant** | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the U.S. Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.


_____          10|9|15
Mervyn Mosbacker                                    Date
Attorney for Defendant


I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the U.S. Sentencing Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

X _____          10|9|15
Alicia Lena Myles                                    Date
Defendant